881 F.2d 1077
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald D. PUTNAM, Petitioner-Appellant,
v.
Norris W. McMACKIN, Supt., Respondent-Appellee.
 No. 89-3142.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Donald D. Putnam moves for the appointment of counsel on appeal from the district court's judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the certified record and briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.Civ.P. 34(a).
 
 
 2
 Putnam claimed that his convictions for rape-murder and for tampering with evidence are unconstitutional because they are based on erroneous and insufficient evidence. The district court dismissed the petition concluding that Putnam's trial was fundamentally fair.
 
 
 3
 Upon consideration, we affirm the district court's judgment. Putnam's rape-murder trial was not rendered unfair due to the admission of an involuntary confession at trial. Even if the statement he made during his interrogation is regarded as a confession, the confession was not rendered involuntary from a coercive interrogating technique sufficient to overbear Putnam's will. See McCall v. Putton, 863 F.2d 454, 459 (6th Cir.1988), cert. denied, 109 S.Ct. 1744 (1989). Furthermore, his statement made during his polygraph examination was properly admitted into evidence pursuant to an agreement with the prosecution allowing testimony at trial regarding all aspects of the polygraph examination.
 
 
 4
 Finally, Putnam's conviction for tampering with evidence was supported by sufficient evidence, as the evidence was such that any rational trier of fact could find that he violated Ohio Rev.Code Sec. 2921.12(A)(1) when he altered and destroyed the murder weapon and his blood stained clothes to impair the availability of the evidence for the murder investigation and for his trial. See Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 5
 Accordingly, the motion for counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.